UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KHARA WINSTON,
an individual,

    Plaintiff,

CASE NO:

vs.

MOBILE SKATE CENTER, LLC,

    Defendant.
_____/

## COMPLAINT

Plaintiff, KHARA WINSTON ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues MOBILE SKATE CENTER, LLC, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2. Venue is proper in this Court, the Southern District of Alabama

1

pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Southern District of Alabama.

    3.    Plaintiff, KHARA WINSTON (hereinafter referred to as "WINSTON") is a resident of Mobile, Alabama and is a qualified individual with a disability under the ADA.  WINSTON suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffers from quadriplegia, requires a wheelchair for mobility, and has limited use of her upper extremities. Prior to instituting the instant action, WINSTON visited the Defendant's premises at issue in this matter in July 2022, with her minor children, and was denied full, safe and equal access to the subject properties due to their lack of compliance with the ADA.  WINSTON continues to desire and intends to visit the Defendant's premises to take her children skating, but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

    4.    The Defendant, MOBILE SKATE CENTER, LLC, is a domestic limited liability company registered to do business and, in fact, conducting business in Mobile, Alabama.  Upon information and belief MOBILE SKATE CENTER, LLC (hereinafter referred to as "MSC") is the owner, lessee and/or operator of the real property and improvements that are the subject of this action, specifically: the

Sunshine Skate Center located at 950 Hillcrest Road, Mobile, Alabama (hereinafter jointly referred to as the "Skate Center").

5. All events giving rise to this lawsuit occurred in the Southern District of Alabama.

## COUNT I - VIOLATION OF THE ADA

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Skate Center owned by MSC is a place of public accommodation in that it is a place of recreation, exercise and entertainment operated by a private entity that provides goods and services to the public.

8. Defendant has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Skate Center in derogation of 42 U.S.C §12101 *et seq*.

9. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Skate Center owned by MSC. Prior to the filing of this lawsuit, Plaintiff personally visited the Skate Center at issue in this lawsuit with her minor children and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact as a result of the barriers to access listed in Paragraph 11, below, that she personally encountered. As a result of the barriers listed in Paragraph 11, WINSTON was unable to enter the Skate Center. In addition, Plaintiff continues to desire and intends to visit the Skate Center, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access that remain at the Skate Center in violation of the ADA. Winston has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's, deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11. MSC is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations that Plaintiff personally encountered:

i. There is no accessible or van accessible parking spaces provided in the parking area serving the skate center;

ii. There is no wheelchair accessible route to enter the skate center due to a curb at the intersection of the parking lot and the sidewalk leading to the entry of the skate center which is not ramped;

iii. The check in and concessions counters are all too high for a wheelchair user;

iv. There is no accessible route to access the toilet room, the skating rink, or the dining areas due to abrupt changes in level that are not ramped;

v. There are no wheelchair accessible tables provided in the food service area;

vi. There is no wheelchair accessible toilet room located along an accessible route that contains a standard wheelchair accessible toilet stall;

vii. The existing toilet rooms are not located on a wheelchair accessible route;

viii. The existing public toilet rooms lack accessible signage;

ix. The existing public toilet rooms lack wheelchair turning radius and maneuvering clearances within as necessary to access the fixtures within;

x. The existing public toilet rooms lack grab bars at the water closet and have water closets that are too low for a wheelchair user;

      xi.    The existing public toilet rooms lack knee clearance at the lavatories as is necessary for a wheelchair user.

12. There are other current barriers to access and violations of the ADA at the Skate Center owned and operated by MSC that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Plaintiff, via undersigned counsel, wrote MSC on August 22, 2022, in an effort to reach a collaborative resolution of this matter without need for litigation, but received no reply, and subsequently visited the subject facility on October 12, 2023, to confirm that the barriers complained of herein continue to exist.

15. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, MSC was required to make its Skate Center, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, MSC has failed to comply with this mandate.

16. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendant pursuant to 42 U.S.C. §12205.

17. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against MSC and requests the following injunctive and declaratory relief:

    A. That the Court declare that the property owned and administered by Defendant is violative of the ADA;

    B. That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

    D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

  E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 31nd day of October, 2023.

              Respectfully submitted,

              By: */s/ Edward I. Zwilling*
              Edward I. Zwilling, Esq.
              Bar No.: ZWILE1564

**OF COUNSEL:**

Law Office of Edward I. Zwilling, LLC
4000 Eagle Point Corporate Dr.
Birmingham, Alabama 35242
Telephone: (205) 822-2701
Email: edwardzwilling@zwillinglaw.com